# UNITED STATES
*vs.*
# EDWARD W. GRIFFIN AND WILLIAM T. GRIFFIN.

1. This court has jurisdiction of all crimes committed in this District known to the common law, or created by those English statutes in force in this country, or by the statutes of Maryland in force at the time of the cession and not subsequently repealed, or created by act of Congress, which may be tried and punished according to the forms of proceeding known to the common law, that is, by presentment and indictment by a grand jury, and trial before the petit or traverse jury.
2. The "crimes and offenses" referred to by the fifth section of the act of Congress of February 27th, 1801, are all crimes and offenses which are cognizable, that is, triable and punishable, according to the proceedings at common law.
3. At common law, he who without right entered upon the freehold and possession of another, "with force and arms, and with a multitude of people," and expelled the rightful occupant or possessor, was guilty of a misdemeanor, and was liable to be indicted by a grand jury, tried by a petit jury, according to the forms of proceeding at common law, and sentenced to fine and imprisonment.
4. The gist of this offence consisted in entering *without right*, for he who entered upon the possessions of another, and even expelled the actual occupant, if unaccompanied by an assault or battery of the person expelled, might have been guilty only of a simple trespass, and a simple trespass upon the freehold was not an indictable offense at common law.
5. At common law, he who had the right of entry committed no indictable offense in taking that possession even if done with force and arms.
6. The statute of 5th Richard II, which is in force in this District, changed the common law only so far as to make it an indictable offense, punishable according to the forms of proceeding at common law, to forcibly enter into lands and tenements with strong hand and multitude of people, even though the party entering had the right of possession at the time of his entry.
7. The word "ransom" as used in the statute means not only a fine, but a severe fine.
8. As the act mentions no court or tribunal as having jurisdiction or cognizance of the offense mentioned in it, it follows that every tribunal proceeding according to the course of the common law and having general jurisdiction for the trial of crimes and misdemeanors may take cognizance of the same when committed within its jurisdiction.
9. Such an offense is, therefore, cognizable by this court upon an indictment charging it, and concluding, "against the form of the statute in such case," &c.

Criminal Docket, 1014. Decided March 5, 1864.

## STATEMENT OF THE CASE.

INDICTMENT and plea to the jurisdiction. Heard in the General Term in the first instance.

The defendants were indicted for a forcible entry and detainer. The indictment alleged that one Andrew J. Black, being possessed of a certain lot and premises for a certain term of years, whereof two years remained unexpired at the time of the finding of said indictment, the defendants, with force and arms and with strong hand, entered upon said premises and expelled the said Black, and the indictment concludes with the language "against the form of the statute in such case made and provided, and against," &c.

To this indictment the defendants interposed a plea to the jurisdiction of this court, on the ground that the offense charged in the indictment was cognizable before justices of the peace, and not in this court. The question sought to be raised by this plea was ordered by the judge presiding in the Criminal Court to be heard in the first instance at the General Term.

MESSRS. UTERMEHLE and NORRIS, for the defendants.

MR. NATHANIAL WILSON, for the United States.

MR. JUSTICE OLIN delivered the opinion of the Court.

The theory of the defense sought to be interposed in this case is that the offense charged in the indictment, if any, was created by certain English statutes conceded to be in force in this District (and to which reference will be hereafter more particularly made), but that all proceedings under and in pursuance of those statutes, whether by way of punishment for their violation or remedy to the party aggrieved, were cognizable in the first instance exclusively before justices of the peace, and that the only authority this Court possesses upon the subject arises from its general supervisory power over inferior magistrates and subordinate judicial tribunals.

It was not denied upon the argument of this case, and we think cannot be successfully, that this Court has jurisdiction of all crimes committed in this District known to the common law, or created by those English statutes in force in this country, or created by statutes of Maryland in force at the time of the cession of this District to the United States and not subsequently repealed, or created by act of Congress, which may be tried and punished according to the forms of proceeding known to the common law; that is, by presentment and indictment by the grand jury, and trial before the petit or traverse jury.

By the Act of Congress of 27th February, 1801, the Circuit Court for the District of Columbia was created. By the 5th section of that act it was declared, " said Court shall have cognizance of all crimes and offenses committed in said District." By all crimes and offenses here spoken of are unquestionably meant all crimes and offenses which are cognizable, that is, triable and punishable, according to the proceedings at common law.

The main question in this case, therefore, is whether the Statute of the 5th of Richard II, chapter 8, or the Statute of the 15th of Richard II, chapter 2, or the 8th of Henry VI, chapter 9, or the Statute of the 21st of James I, chapter 15, created an offense punishable by the common law proceedceeding by indictment of the grand jury and trial before the petit jury; or whether those statutes so altered or modified the common law upon this subject of forcible entries or detainers in reference to the possession of real estate, as to render it proper to charge in the indictments that the offense was committed," against the form of the statute in such case made and provided," &c.

To answer this question, it is important to ascertain what was the law prior to the enactment of the Statute of the 5th of Richard II, and to examine and ascertain how the provisions of that act affected or modified existing law.

It is agreed on all hands that, by the principles of the

common law, he, who without right entered upon the freehold and possessions of another, with force and arms, and with a multitude of people, and expelled the rightful occupant or possessor, was guilty of a misdemeanor, and was liable to be indicted by a grand jury, tried by a petit jury, according to the form of proceedings at common law, and sentenced to fine and imprisonment.

It will be observed here, that this offense at common law did not consist in entering upon the possession of another, and even expelling the actual occupant, which might be all accomplished by simply a trespass not even accompanied by an assault or battery of the person expelled, and a simple trespass upon the freehold was not an indictable offense at common law.

We think the weight of judicial authority is that, before the passage of the statute of the 5th of Richard II, he who had the right of entry—that is, he who had the right to the possession of real estate—committed no indictable offense in taking that possession even with "force and arms," or "with multitude of people," as described in the technical language of the law. At this day, the unqualified ownership of personal property brings with it the right to its possession, and he *alone* who resists an attempt, simply to take .that possession, may be guilty of a breach of the peace.

Such being the state of the common law in reference to forcible entries upon lands, the statute of the 5th of Richard II, declared that, "none shall make entry into any lands and tenements but in cases where entry is given by law; and in such case not with strong hand, nor with multitude of people, but only in a peaceable and easy manner, on .pain of *imprisonment and ransom.*"

This is substantially all the provisions of the 5th of Richard II upon the subject of forcible entries. What change did it work in the common law? Obviously none other

than this: It made the forcible entry into lands and tenements with strong hand and multitude of people an indictable offense, though the party entering had the right of possession at the time of his entry. This statute then simply changed the common law in the particular I have adverted to, viz: it constituted an offense indictable and punishable according to the forms of proceeding at common law, to enter with strong hand and multitude of people into the possession of lands and tenements, notwithstanding the person so doing had a right to the possession of such lands and tenements.

It is immaterial to inquire whether this statute created a new offense, or simply reenacted the common law. It defined an offense and made that offense cognizable in all courts proceeding according to the rules of the common law empowered to hear and determine felonies and misdemeanors, and such offense was cognizable in no other court or tribunal. The language of the statute forbids the act of forcible entry, &c., "under pain of imprisonment and ransom." The word ransom means not only a fine, but a severe fine. The act mentions no court or tribunal as having jurisdiction or cognizance of the offense mentioned in it, or created by it. It necessarily followed, then, that every tribunal proceeding according to the course of the common law, and having general jurisdiction for the trial of crimes and misdemeanors would take cognizance of this offense when committed within its jurisdiction.

Now, if the statute of 5th Richard II be in force in this District (and that was conceded on the argument of this case by the learned counsel for the defendants), and if it creates or *defines an offense* cognizable by any court of general jurisdiction for the trial of crimes and misdemeanors, proceeding according to the forms of the common law, it would seem to follow demonstrably that the offense charged in this indictment is properly cognizable in this Court, and that

the indictment properly concludes "against the form of the statute in such cases," &c.

Several other questions of interest were discussed upon the argument in this case, which may arise on the trial of this cause in the Court below. Such as what judgment can be given upon a conviction of the defendants: whether that Court can award restitution as part of its judgment; and whether the complainant is a competent witness upon the trial of the cause, &c. But we do not deem it necessary to decide those questions now. They must be left to be decided by the Court below when they arise.

The order of the Court is, that the plea of the defendants be overruled and the cause is remitted to the Court below, with liberty to the defendants to plead to the merits.